UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
KROUTCHEV DEMOSTHENE,                          :
                                               :
                    Plaintiff,                 :
                                               :          **MEMORANDUM AND ORDER**
             -against-                         :          14 CV 816 (SJ) (VMS)
                                               :
CITY OF NEW YORK, DEPARTMENT OF                :
CORRECTIONS COMMISSIONER DORA                  :
SCHRIRO, DETECTIVE JOHN ROBERTS,               :
JOHN AND JANE DOE POLICE OFFICERS 1-           :
10,                                            :
                                               :
                    Defendants.                :
------------------------------------------------------------- x

**Scanlon, Vera M., United States Magistrate Judge:**

In this civil rights action, brought pursuant to 42 U.S.C. §§ 1983 and 1985, Plaintiff

Kroutchev Demosthene ("Plaintiff") alleges that Defendants the City of New York, the former

New York City Department of Corrections Commissioner Dora Schriro ("Commissioner

Schriro"), the New York Police Department, Detective John Roberts and various John and Jane

Doe police officers (together, "Defendants") violated and conspired to violate his constitutional

rights and/or failed to intervene when his rights were being violated.  Compl., ECF No. 1.

Plaintiff also brings numerous supplemental New York State constitutional and tort claims

arising from the same set of facts.  Id.

Before the Court is Plaintiff's motion to unseal the grand jury minutes of the Defendant

police officers' testimony from the criminal prosecution underlying his civil claim.  Mot. to

Unseal, ECF No. 68.  Plaintiff has also filed a substantively similar motion restating his request

to unseal the grand jury minutes and further asking the Court to compel various non-parties to

testify regarding the grand jury proceedings after Defendants' counsel instructed them not to

answer on the basis of absolute immunity for testimony before the grand jury.  Mot. to Compel,

ECF No. 71.  Defendants do not oppose the motion to unseal, see Response, ECF No. 74, but the

Queens County District Attorney filed an opposition as an interested party, Opp., ECF No. 72.

For the reasons stated in the memorandum and order below, I hereby **deny** Plaintiff's

motion to unseal the grand jury minutes at [68], with leave to renew, and **grant in part** and **deny**

**in part** Plaintiff's motion to compel witnesses to answer questions about the grand jury

proceedings.  Defendant police officers are not entitled to absolute immunity and so are directed

to answer questions about their own grand jury testimony.  New York law forbids other

witnesses from answering questions about Defendant police officers' grand jury testimony.

### I.  Factual Background And Procedural History

A complete discussion of the factual and procedural history of this matter can be found in

this Court's Report & Recommendation regarding Plaintiff's motion to amend the Complaint.

See Demosthene v. City of N.Y., No. 14 Civ. 816 (SJ) (VMS), 2015 WL 5093116, at *1

(E.D.N.Y. June 26, 2015), report & recommendation adopted, No. 14 Civ. 816 (SJ) (VMS), 2015

WL 5093164 (E.D.N.Y. Aug. 28, 2015), appeal dismissed (Mar. 16, 2016).  Relevant to this

Memorandum and Order, Plaintiff was accused of committing a robbery, and he was allegedly

identified in a photo array either once or twice, on February 22, 2016 and/or February 29, 2016.

Mot. to Unseal, ECF No. 68 at 2.  Plaintiff alleges that no such identifications took place, and

were instead fabricated by Defendant police officers.  See id.  These identifications were

provided to the Queens District Attorney's Office ("QDAO") by Defendant police officers, and

formed part of the basis of the QDAO's decision to pursue charges against Plaintiff.  Plaintiff

believes that Defendant police officers testified about the allegedly fabricated identifications

during the grand jury proceeding that led to Plaintiff's indictment.  See id.  Plaintiff is suing for,

inter alia, malicious prosecution.  See id.

Plaintiff would like to review Defendant police officers' grand jury testimony to determine whether it will bolster his claim that the identifications were fabricated.  See id. at 1. In order to succeed with Plaintiff's malicious prosecution claim, he will have to rebut the presumption of probable cause that arises from the indictment against him.  Frederick v. N.Y. City, No. 11 Civ. 469 (JPO), 2012 WL 4947806, at *8 (S.D.N.Y. Oct. 11, 2012) ("Grand jury indictments create a rebuttable presumption of probable cause . . . . which is fatal to a malicious prosecution case if unrefuted.").

Plaintiff initially applied to New York State Criminal Court to request that the grand jury minutes in his criminal case be unsealed.  See id., Ex. 1.  This request was denied by the Honorable Barry Kron, New York City Criminal Court.  See id., Ex. 4.  During depositions in this action Plaintiff asked the Assistant District Attorney who had handled his criminal case about the content of Defendant police officers' testimony during her deposition, but Defendants' counsel instructed her not to answer on the basis of absolute immunity and because the grand jury proceeding is secret.  Mot. to Compel, ECF No. 71 at 1.  Defendants' counsel further stated that he would instruct all witnesses to not answer any questions regarding the grand jury proceeding.  See id.

**II. Discussion**

In general, requests for disclosure of grand jury transcripts should first be directed to the court that supervised the grand jury's activities.  See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 226 (1979).  In the present matter, Plaintiff made an application to the New York City Criminal Court for an order unsealing the grand jury's minutes.  See Mot. to Unseal, ECF No. 68, Ex. A.  The state court judge concluded that Plaintiff failed to meet the burden of establishing a compelling and particularized need for the grand jury testimony under New York

3

law and denied Plaintiff's motion. See id., Ex. D. Although this Court is not bound by state law protecting the secrecy of state grand jury proceedings, "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." Wilson v. City of New York, No. 06 Civ. 229 (ARR) (VVP), 2007 WL 4565138, at *4 (E.D.N.Y. Dec. 21, 2007) (quoting Lora v. Bd. of Ed. of City of New York, 74 F.R.D. 565, 576 (E.D.N.Y. 1977)).

Under federal law, a party seeking disclosure of federal grand jury material must demonstrate a "particularized need," which requires a showing that the material sought "is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222-23; see In re Grand Jury Subpoena, 103 F.3d 234, 239 (2d Cir. 1996); Alvarado v. City of New York, No. 04 Civ. 2558 (NGG) (VVP), 2006 WL 2252511, at *7 (E.D.N.Y. Aug. 5, 2006). The same showing has been required with respect to applications for the disclosure of state grand jury transcripts. Alvarado, 2006 WL 2252511, at *7-8 (citations omitted). "A generalized desire for discovery needed to prove one's case . . . does not constitute the requisite showing of particularized need." Id. at *9 (citing Baker v. U.S. Steel Corp., 492 F.2d 1074, 1076 (2d Cir. 1974)).

Not every malicious prosecution plaintiff who requests grand jury transcripts should be granted access to them. "Authorizing a fishing expedition based solely on conclusory allegations of misconduct before the grand jury would result in every plaintiff who claimed malicious prosecution being given access to the minutes of the grand jury that voted on the underlying indictment . . . [which] would defeat the purpose behind the particularized need test, and cannot be correct." Alvarado, 2009 WL 510813 at *2 (E.D.N.Y. Feb.27, 2009).

"The typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.'" Douglas Oil, 441 U.S. at 237 n.12 (quoting U.S. v. Procter & Gamble Co., 356 U.S. 677, 683 (1958)). In each of these contexts, denial of access to grand jury minutes may result in "possible injustice" if the rights of parties are effectively destroyed by an inability to view key evidence.

Malicious prosecution cases are no exception to the rule that the interests of justice may be thwarted by refusal to unseal grand jury minutes. See, e.g., Palmer v. Estate of Stuart, 02 Civ. 4076 (LTS) (GWG), 2004 WL 2429806, at *3 (S.D.N.Y. Nov. 1, 2004) ("With respect to the need to avoid a 'possible injustice' [plaintiff] has made a compelling case that the grand jury testimony may be necessary to the prosecution of this [malicious prosecution] case."). There are at least two interests of justice are potentially implicated by § 1983 malicious prosecution cases: denial of compensation to victims of official misconduct and a weakening of society's shared regulatory interest in deterring constitutional violations. See Hardin v. Straub, 490 U.S. 536, 539 (1989) (describing "§ 1983's chief goals of compensation and deterrence"). Thus, the Douglas Oil "particularized interest" requirement can sometimes be satisfied where a civil rights claim for malicious prosecution would be thwarted by denial of access to sealed grand jury minutes.

Under certain circumstances, Second Circuit doctrine can make access to grand jury minutes a necessity in making out a successful malicious prosecution claim.[1] "In order to prevail

---

[1] For purposes of this discussion, Plaintiff's state and federal claims are treated identically. See Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003) ("[T]he elements of false arrest and malicious prosecution under § 1983 are 'substantially the same' as the elements under New York law . . . . [T]he analysis of the state and the federal claims is identical." (internal citation omitted)).

on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010) (citations omitted). In New York, "[t]o succeed on a claim for malicious prosecution, the plaintiff must show that a prosecution was initiated against him, that it was brought with malice but without probable cause to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff." Boyd v. City of New York, 336 F.3d 72, 76 (2d Cir. 2003). "Probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty." Frederick, 2012 WL 4947806, at *8. Grand jury indictments create a rebuttable presumption of probable cause "founded upon the premise that the Grand Jury acts judicially." Id. To rebut this presumption, which may be fatal to a malicious prosecution case if unrefuted, plaintiffs must adduce "evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." Id.

The Second Circuit has interpreted this requirement strictly. In Rothstein v. Carriere, the court found that a plaintiff had not rebutted the presumption of probable cause merely by showing that that the defendant, whom he accused of malicious prosecution by means of perjury, had testified before the grand jury. 373 F.3d 275, 284 (2d Cir. 2004). Rather, "[t]he burden of rebutting the presumption of probable cause requires the plaintiff to establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct sufficient to erode the premise that the Grand Jury acts judicially." Id. Because "the content of [defendant's] grand jury testimony is unknown, as is the content of the rest of the government's

presentation," and because "[plaintiff's] counsel conceded that he had no idea what happened before the grand jury," the court concluded that only "rank speculation" would support a finding that the defendant "must have testified falsely to the grand jury." Id.

Plaintiff claims that he was maliciously prosecuted, and so he must show "a prosecution was initiated against him" and "that it was brought with malice but without probable cause . . . ." Boyd, 336 F.3d at 76. Plaintiff alleges the main evidence used against him was fabricated which, if proven, could show malice without probable cause. Plaintiff was indicted by the grand jury, though, creating a presumption of probable cause. In order to rebut that presumption he must "establish what occurred in the grand jury, and to further establish that those circumstances warrant a finding of misconduct. . . ." Rothstein, 373 F.3d at 284. Plaintiff believes that Defendant police officers testified about the allegedly fabricated evidence in the grand jury, but currently is unable to establish that fact.

At this time, Plaintiff, however, does not need access to the minutes in order to establish the content of the Defendant police officers' grand jury testimony. New York law permits a witness to disclose his or her own grand jury testimony. See New York Crim. Proc. Law § 190.25(4)(a) ("Grand jury proceedings are secret, and no grand juror, or other person specified in subdivision three of this section or section 215.70 of the penal law, may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding . . . Nothing contained herein shall prohibit a witness from disclosing his own testimony."). Thus, as an initial step, the Defendants' testimony about their own grand jury testimony may suffice.

Defense counsel has stated that he will plans to instruct all witnesses not to answer

questions regarding the grand jury proceedings because of the absolute immunity provided to grand jury witnesses from any § 1983 claim based on the witness' testimony. See Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (2012). The scope of the immunity provided by Rehberg, however, does not reach Plaintiff's claims. In Coggins v. Buonora, the Second Circuit held that § 1983 defendants are not entitled to absolute immunity for alleged conduct that is actionable independently without reliance on grand jury testimony. See 776 F.3d 108, 112-13 (2d Cir.), cert. denied, 135 S. Ct. 2335, 191 L. Ed. 2d 981 (2015). The court reasoned that a rule that allowed for absolute immunity when claims simply involved grand jury testimony "would set a dangerous precedent: Any police officer could immunize for § 1983 purposes any unlawful conduct prior to and independent of his perjurious grand jury appearance merely by testifying before a grand jury." Id. In Coggins, the arrested plaintiff brought an action against county police officers and others under §§ 1981 and 1983, and New York State tort law, relating to the falsification of police reports, the fabrication of evidence, and the presentation of perjured testimony used to support an indictment against the plaintiff. See id. at 110-12. The court found that the "[complaint] plausibly allege[d] misconduct by [defendant] without reference to his perjurious grand jury testimony." Id. at 113. "The fact that [defendant]'s grand jury testimony paralleled information he gave in other contexts does not mean that [plaintiff]'s malicious prosecution claim was 'based on' [defendant]'s grand jury testimony. Rather it was based on [defendant]'s conduct that laid the groundwork for [plaintiff]'s indictment." Id.

Plaintiff here similarly bases his claims not on the grand jury testimony, but on actions taken by Defendant police officers outside of the grand jury: the alleged fabrication of a positive photo array identification that took place earlier and use of it to justify the prosecution of Plaintiff. This alleged conduct standing alone, if it occurred, would be actionable without

reference to the grand jury proceeding. Defendant police officers thus cannot rely on absolute immunity to avoid answering questions about their grand jury testimony.[2] Here, were Plaintiff to be able to prove such a fabrication, he might be able to both rebut the grand jury indictment and prove his malicious prosecution claims.

Given the length of time between that has elapsed since Defendant police officers gave their testimony to the grand jury, there is possibility they will not be able to recall what they said. See Palmer, 2004 WL 2429806, at *3 (S.D.N.Y. Nov.1, 2004) ("It is highly unlikely that the surviving officers in 2004 could recall precisely what they said before the grand jury in 1999, at the time the matter was freshest in their minds."). For that reason, if the witnesses cannot remember their grand jury testimony, Plaintiff may renew the motion to unseal the grand jury minutes.

### III. Conclusion

In light of the foregoing, I hereby **deny** Plaintiff's motion to unseal the grand jury minutes at ECF No. 68, with leave to renew, and **grant in part** and **deny in part** Plaintiff's motion to compel witnesses to answer questions about the grand jury proceedings. Defendant police officers are directed to answer questions about their own grand jury testimony. Non-testifying witnesses will not be ordered to testify about grand jury testimony.

Dated: Brooklyn, New York
      November 23, 2016

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

---

[2] The Court does note that witnesses who did not testify at the grand jury proceeding, including the Assistant District Attorney who prosecuted the underlying criminal case, are still barred from answering questions about the proceeding pursuant to New York Crim. Proc. Law § 190.25(4)(a).