UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
KROUTCHEV DEMOSTHENE
also known as JEFFREY DEMOSTHENE,

        Plaintiff,

        v.

CITY OF NEW YORK, et al.,

        Defendants.

-----------------------------------------------------X

14 CV 816 (SJ) (VMS)

**ORDER**
**ADOPTING REPORT**
**AND**
**RECOMMENDATION**

A P P E A R A N C E S

UGO UZOH, P.C.
304 Livingston Street
Second Floor
Brooklyn, NY 11217
By:    Ugochukwu Uzoh
*Attorney for Plaintiff*

LAW OFFICE OF PHILIP AKAKWAM
303 Living Street
Second Floor, Rear
Brooklyn, NY 11217
By:    Philip Akakwam

*Attorney for Plaintiff*

NEW YORK CITY LAW DEPARTMENT

100 Church Street
New York, NY 10007
By:   Morgan McKinney

*Attorney for Defendants*

JOHNSON, UNITED STATES DISTRICT JUDGE:

Presently before the Court are a motion for summary judgment (the "Motion") filed by defendants City of New York, Commissioner Dora Schriro ("Schriro"), Detective John Roberts ("Roberts") and Jane and John Doe Police Officers #1-10 ("John Does"); a July 20, 2018 Report and Recommendation ("the July 2018 Report") by Magistrate Judge Vera M. Scanlon; objections (the "Objections") to that report filed by plaintiff Kroutchev Demosthene ("Plaintiff" or "Demosthene"); and an opposition brief ("Opposition") filed by Schriro, Roberts and the City of New York ("Defendants"). The Report recommends granting Defendants' motion for summary judgment of all claims and finding moot Plaintiff's motion to compel. Based on a review of the record and the parties' submissions, and for the reasons stated below, the Report is ADOPTED and the Complaint is dismissed.

P-049

## BACKGROUND

*The Record before the Court*

Typically, parties appearing before this Court on a motion for summary judgment both consult and comply with Local Civil Rule 56.1, which requires the moving party to include a "short concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local R. 56.1(a). Similarly, the party or parties opposing the motion are duty bound to submit a "correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party" in addition to numbered paragraphs detailing any material facts in dispute that ought to preclude the grant of summary judgment. Local R. 56.1(b). If the moving party sets forth a statement supported by the record and the party opposing the motion fails to controvert that statement with a citation to the record, the statement of the moving party is deemed admitted for the purposes of evaluating the motion. Local R. 56.1(c).

In this case, Defendants submitted a statement pursuant to Rule 56.1(a) and in response, Plaintiff submitted a counterstatement that purports to dispute many of Defendants' statements but often does so without reference to admissible evidence to the contrary. While most statements

3

contain a citation to the record, some citations, when examined, inadequately support the view advanced by Plaintiff, or are conclusory. Although it is not required to do so, this Court can attempt to wade through Plaintiff's Rule 56.1(b) Statement to do what Plaintiff should have done: determine which facts set forth by Defendant in its Rule 56.1(a) statement are controverted by Plaintiff. See Bagdasarian v. O'Neill, 00 CV 0258, 2002 WL 1628722, at *2 (W.D.N.Y. July 17, 2002); see also Holtz v. Rockefeller & Co., 258 F.3d 62, 73–74 (2d Cir. 2001) (finding that "a district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules" and declining to admit those portions of defendant's Local Rule 56.1 statement that, although not contested by plaintiff, were unsupported by deposition testimony). Therefore, those facts that Plaintiff does not properly dispute that are supported by the record will be deemed admitted for the purpose of this motion.

*February 22, 2012 Robbery and Plaintiff's Arrest*

On February 22, 2012, the complaining victim, K.K.,[1] attempted to sell a brand-new iPhone 4 on the website Craigslist.org. He and a friend made

---

[1] The full name of the complaining victim is subject to a Protective Order.

4

arrangements to meet with an individual for the exchange. Prior to the meeting time, the individual changed the meeting location to the corner of 214th Place and 94th Road in Queens, New York. The individual did not purchase the iPhone but instead robbed K.K. of the phone at gunpoint. K.K. contacted the New York City Police Department ("NYPD") at the 105th Precinct and reported the robbery to non-party detectives (the "Detective Squad").

Prior to meeting up to sell the phone, K.K. communicated to the prospective buyer by phone and was able to provide the police with the telephone number used by the assailant, which was (347) 652-3565 (the "Telephone Number" or the "Number"),[2] as well as a physical description of the assailant. The Detective Squad conducted a search and linked the Telephone Number to an individual named Alain Spence ("Spence"). Spence did not fit the physical description provided by K.K.

The Detective Squad then connected the Telephone Number to the address 212-55 Jamaica Avenue in Queens, New York (the "Address"), a home that NYPD databases found to have been Plaintiff's residence.

---

[2] Right after the robbery, someone sent a text message from the Number to K.K., stating, inter alia, that he "didn't mean any harm," was and "16 and homeless." As explained, infra, on the date of the robbery, Plaintiff was 21 years old.

The Detective Squad obtained a photograph of Plaintiff taken on January 7, 2012. Plaintiff fit the physical description described by K.K. On February 29, 2012, showed a photo array to K.K. containing six photographs. K.K. identified Plaintiff as the individual who robbed him.

On March 6, 2012, T-Mobile provided the police with subscriber information for the Telephone Number. While that information did not include a subscriber name, it did include the subscriber's date of birth. That date (October 7, 1990) is Plaintiff's date of birth.

Based on the foregoing, on April 9, 2012, defendant Detective John Roberts ("Roberts") arrested Plaintiff just as Plaintiff was being released from Rikers Island in connection with an unrelated arrest.[3] Plaintiff claims he was punched twice during the ride to the precinct, causing him pain. However, multiple officers were in the vehicle with him and he has not identified any particular officer as having punched him. Moreover, at a status conference before Magistrate Judge Scanlon, counsel for Plaintiff stated that he is not seeking damages for physical injuries.[4]

---

[3] Although Roberts was the arresting officer, he was neither the lead detective on the case nor part of the Detective Squad heretofore defined.

[4] Plaintiff's counsel also stated that Plaintiff is not seeking economic damages for any of his claims.

Detective Roberts spoke with K.K. on the day Plaintiff was arrested and K.K. confirmed that the individual he identified in the photo array was the person who robbed him.

Plaintiff was indicted under indictment number 1278/2012 for Robbery in the First Degree and Robbery in the Third Degree.

On October 19, 2012, Plaintiff was placed in an in-person lineup. He alleges that a black officer grabbed him by the throat during the lineup, however no named defendant was present at the lineup and Detective Roberts is white. A witness to the robbery (a friend of K.K.) was presented with the lineup and could not make an identification.

On November 13, 2012, the charges against Plaintiff were dismissed. By that time, he had been incarcerated for approximately seven months.

## DISCUSSION

*Summary Judgment Standard*

A moving party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23,

106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the movant to establish the absence of any genuine issue of material fact. Celotex Corp., 477 U.S. at 323; see also Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). It is clear that "[i]n moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claims." Goenaga, 51 F.3d at 18; see also Celotex Corp., 477 U.S. at 324. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted).

In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985).

8

If the moving party discharges its burden of proof under Rule 56(c), the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247–48. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. Id. at 248 (citation omitted); see also Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1994) ("When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

*Qualified Immunity*

Federal law provides a plaintiff a private right of action for money damages against state officials, acting "under color of law," who violate a constitutional or statutory right. See 42 U.S.C. § 1983. However, the doctrine of qualified immunity is a defense that "shields public officials performing

9

P-049

discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317–18 (2d Cir. 1994) (citation and quotation marks omitted). "[B]ecause qualified immunity is not only a defense to liability, but also provides immunity from suit, an important part of its benefit is effectively lost if a case is erroneously permitted to go to trial; thus, the defendant's entitlement to qualified immunity should be resolved at the earliest possible stage in litigation." Lynch v. Ackley, 811 F.3d 569, 576 (2d Cir. 2016) (quoting Pearson v. Callahan, 555 U.S. 223, 231–32, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)) (quotation marks omitted).

 1. Probable Cause

"[P]robable cause to arrest exists when police officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Zalaski v. City of Hartford, 723 F.3d 382, 389-90 (2d Cir. 2013) (collecting cases). Arguable probable cause, a lower standard, is satisfied by a showing that either "(a) it was objectively reasonable for the officer to believe that probable

10

cause existed, or (b) officers of reasonable competence could disagree on whether probable cause was met." Granito v. Tiska, 120 F. App'x 847, 849 (2d Cir. 2005). Because, upon de novo review, this Court agrees with the findings in the Report that, at a minimum, arguable probable cause existed to arrest Plaintiff, his claims of false arrest and malicious prosecution must fail.

(a) False Arrest

To establish a claim of false arrest pursuant to § 1983, a plaintiff must plead that (1) he was intentionally confined by defendants; (2) he was aware of that confinement; (3) he did not consent to that confinement; and (4) the confinement was not justified or privileged. See Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (acknowledging that "liability for false arrest also gives rise to liability under 42 U.S.C. § 1983").

Probable cause is a complete defense to claims for false arrest. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Moreover, the finding of arguable probable cause triggers qualified immunity. Here, the Detective Squad was notified by two complaining victims of the Robbery, the Telephone Number, and a physical description of the person who committed the Robbery. With that information, the Detective Squad linked the Telephone Number to an address once used by Plaintiff and Plaintiff's date

P-049

of birth. Plaintiff also met the physical description of the alleged assailant, and his photograph could be found on NYPD's database. In the second of two photograph line-ups, K.K. identified Plaintiff as the perpetrator, and reaffirmed his identification in April of 2012. While Plaintiff disputes that he was identified, he does so without reference to contradictory evidence in the record. He merely, in his 56.1 counterstatement, denies that the affidavits of defendant Roberts and non-party Detective Haber are truthful. This is insufficient to defeat summary judgment. Probable cause (or at a minimum arguably probable cause) existed to arrest him on April 12, 2012.

(b) Malicious Prosecution

To establish a malicious prosecution claim under New York law, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Manganiello v. City of New York, 612 F.3d 149, 160-1 (2d Cir. 2010) (citation and quotation marks omitted). As the Court has already found, supra, that probable cause (or

12

P-049

arguable probable cause) existed to make the arrest in question, this claim must also be dismissed.[5]

*Personal Involvement*

A plaintiff asserting a § 1983 claim is required to allege personal involvement of defendants in a manner that goes beyond restating the legal standard for liability in conclusory terms. LM Bus. Assocs., Inc. v. Ross, 2004 WL 2609182, *3 (W.D.N.Y. Nov. 17, 2004) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ellis v. Guarino, 2004 WL 1879834 at *10 (S.D.N.Y. Aug. 24, 2004); Romer v. Morgenthau, 119 F. Supp. 2d 346, 355 (S.D.N.Y. 2000)). However, for his excessive force, deliberate indifference, fabrication of evidence, unreasonable detention, and right to fair trial claims, Plaintiff fails to identify any wrongdoers with sufficient specificity. His arguments are based on the false assumptions that there was no probable cause for Plaintiff's arrest and that exculpatory evidence was available to Defendants. Neither position is supported by the record. Therefore, these claims are dismissed for lack of personal involvement.

---

[5] Moreover, "[i]ndictment by grand jury creates a presumption of probable cause." Savino, 331 F.3d at 72.

*Remaining Claims*

(1) <u>Monell</u>, §§ 1983, and 1995 Conspiracies

(a) <u>Monell</u>

Plaintiff brings a claim pursuant to <u>Monell v. Department of Soc. Servs.</u>, 436 U.S. 658 (1978), for the City's alleged failure to train or supervise their officers. "[A <u>Monell</u>] plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." <u>Wray v. City of New York</u>, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks omitted). Therefore, a <u>Monell</u> claim cannot survive absent a constitutional violation. See <u>Albert v. City of New York</u>, 2018 WL 5084824, at *4 (E.D.N.Y. Oct. 18, 2018) ("<u>Monell</u> liability requires, as a threshold matter, *an underlying constitutional violation* committed by an employee acting under color of law[.]") (citation omitted); see also <u>Stern v. City of New York</u>, 2015 WL 3827653, at *5 (E.D.N.Y. Jun. 19, 2015)) ("A plaintiff bringing a <u>Monell</u> claim also must establish a causal connection between the municipality's official policy and *the underlying constitutional violation*.") (emphases added). Because there is no underlying constitutional violation in this case, Plaintiff's <u>Monell</u> claim is dismissed.

14

P-049

(b) Conspiracy claims

"To prove conspiracy under § 1983, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 388 (S.D.N.Y. 2013) (quoting Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999) ). Similar to a Monell claim, a plaintiff alleging a § 1983 conspiracy must demonstrate that an "unconstitutional injury" was at the heart of Defendants' conduct. Plaintiff has not made that showing.

Nor has he under § 1985. For that claim to survive, Plaintiff must establish "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, ... (3) an act in furtherance of the conspiracy; (4) whereby a person ... is deprived of any right of a citizen of the United States." Urbina v. City of New York, 2016 WL 79991, at *4 (S.D.N.Y. Jan. 6, 2016).

With respect to both § 1983 and § 1985, Plaintiff merely argues that Defendants "fabricated" or "knew about. . . fabricated" charges against him and "conspired not just with themselves but with [K.K.]." (Obj. at 32-3.) This is insufficient and the claims are dismissed. See Ciambriello v. County of

15

P-049

Nassau, 292 F. 3d 307, 325 (2d Cir. 2002) ("[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.").[6]

*Remaining Federal Claims*

Plaintiff's First Cause of Action contains a veritable blitzkrieg of potential civil rights abuses that includes little to no specificity of the admissible, supported facts or analysis under applicable law. These include, inter alia, claims for "abuse of authority, malicious abuse of process, illegal and unreasonable stop, frisk, search and seizure, unlawful stop . . . racial profiling, pattern of harassment . . . discrimination, denial of equal protection of laws, [and] denial of due process rights." (Complaint at ¶ 42.) Defendants moved to dismiss these as improperly pleaded "mere labels and conclusory allegations" (Def. Mem. of Law at 15-16.) Plaintiff did not see fit to expand on any of these claims in any of his filings (or take any relevant depositions) to bolster the bare allegations of the Complaint. For these reasons, the

---

[6] In any event, as to the alleged § 1985 Conspiracy, Plaintiff has filed no objections to the recommendation that the claim be dismissed. (Obj. at 32 n.9.)

16

remaining federal claims are dismissed. See First Nat. Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968) (vague and conclusory facts in Complaint may not be relied on to defeat summary judgment); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 445 (2d Cir. 1980) (holding that fact stated in legal memoranda insufficient to defeat summary judgment); see also Lipton v. Nature Co., 71 F.3d 464, 469 (2d Cir. 1995) (same).

*Supplemental Jurisdiction*

The Court declines to exercise supplemental jurisdiction over Plaintiff's state and local claims. They, too, are dismissed. See 29 U.S.C. § 1367(c)(3).

CONCLUSION

For the foregoing reasons, the Defendants' motion is GRANTED and any outstanding motions are deemed MOOT. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: August 16, 2019
Brooklyn, New York

s/ Sterling Johnson, Jr.
_____/s_____
Sterling Johnson, Jr., U.S.D.J.

17